**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                                       CHAPTER 13

MARGUERITE L. DITTMAN                                CASE NO. 8:14-bk-02530-KRM
_____/

## ORDER CONFIRMING PLAN

THIS MATTER came on for a hearing on August 13, 2014 following the transmittal of the Debtor's[1] Chapter 13 Plan (Doc. No. 2) (the "Plan," reference to which shall include any subsequent modification made by prior order, in open court during the hearing, or this Order) to all parties in interest. Any modification to the Plan made by the Debtor at confirmation has been incorporated herein. The Court makes the following findings:

    A.    The Plan complies with the provisions of Chapter 13 of the Bankruptcy Code[2] and with other applicable provisions of the Code;

    B.    Any fee, charge, or amount required under chapter 123 of Title 28 of the United States Code, or by the Plan, to be paid before confirmation, has either been paid or shall be paid by the Chapter 13 Trustee ("Trustee") from the monies held pursuant to section 1326(b);

    C.    The Plan has been proposed in good faith and not by any means forbidden by law;

    D.    The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor had been liquidated under Chapter 7 of the Bankruptcy Code on such date;

    E.    The treatment of each allowed secured claim provided for by the Plan complies with the provisions of section 1325(a)(5):

    F.    The holders of secured claims, whether or not dealt with under the Plan as confirmed, shall retain the liens securing such claims;

    G.    The Debtor will be able to make all payments under the Plan and to comply with the Plan;

---

1. All references to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.
2. All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted.

    H.       The action of the Debtor in filing the petition was in good faith; and

    I.        The Debtor has complied with section 1325(a)(8) and (9).

Accordingly, it is hereby

**ORDERED:**

    1.       The Plan is confirmed.

    2.       Payments by the Debtor as initially set forth in the attached Exhibit "A," incorporated herein by reference, shall be made each month by money order, cashier's check, or electronic transfer for 60 consecutive months commencing on April 6, 2014 to the Chapter 13 Standing Trustee, **Terry E. Smith, P.O. Box 830, Memphis, TN 38101-0830.** Nevertheless, in the event the Trustee has insufficient monies to make distribution pursuant to this order, or any other court order, the payments may be adjusted during the life of the Plan without further order of this Court.

    3.       The Debtor is prohibited from incurring any non-ordinary course post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

    4.       Claims are allowed and security surrendered to creditors set forth in Exhibit "A."

    5.       Distributions by the Trustee shall commence and continue on a monthly basis in the following order:

            (a)       The Trustee's percentage fee, as allowed by the U.S. Trustee.

            (b)       The attorney's fees for the Debtor's attorney, which pursuant to Bankruptcy Code section 330(a)(4)(B), the court allows as reasonable compensation to Debtor's counsel ("Counsel"), Suncoast Legal Group, PLLC, (to include all costs other than the filing fee) for representing the interests of the Debtor in connection with this Chapter 13 case the amount of $3,700.00 ("Total Fee") which, after crediting the amount of the retainer of $800.00 ("Retainer"), the sum of $2,900.00 shall be paid through the confirmed Plan, in full, without interest, by the Trustee to Counsel subject to the following: (a) absent extraordinary circumstances and specific order of the court, Counsel may not charge any additional fees for services or expenses in connection with all services rendered to the Debtor from the commencement of the representation ("Commencement") until 36 months after the

        date of confirmation of the plan;  (b) Total Fee does not exceed the amount agreed to be paid by the Debtor at the Commencement and as disclosed in the statement filed by Counsel pursuant to Fed. R. Bankr. P. 2016; and (c) provided sufficient funds are available, the balance owed shall be paid at $300.00 per month for 5 months, then $250.00 per month.

    (c)    Creditors' claims in accordance with Exhibit "A" or as subsequently allowed after the claims bar date.

6.    Provisions for treatment of adjustable rate mortgage payments and escrow account adjustments are as follows:

    (a)    If the post-petition contractual monthly payment increases or decreases during the pendency of this case, the secured creditor shall promptly provide written notice to the Trustee and provide a copy of the notice to the Debtor.  The Trustee shall adjust the Plan payments accordingly and notify the Debtor and Debtor's attorney of the amount of the adjusted payment.

    (b)    The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee as provided in section 1329. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

7.    Provisions for both pre-petition and post-petition arrearages, if any, on allowed secured claims are included in the Plan. After the completion of all payments under the Plan and the entry of a discharge of the Debtor, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual maturities reinstated. All post-petition late fees and charges incurred incident to the Plan shall be discharged.

8.    The automatic stay was terminated *in rem* upon the filing of the Plan as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor, (b) for the Debtor to make payments directly to the secured creditor or lessor, or (c) the Plan did not provide for payments.

9.    The claims of creditors whose liens have been avoided by separate Court order will be subject to the following:

    (a)    The unsecured amount will be treated in accordance with the Plan.

      (b)     If the case is dismissed after entry of this Order, the payments received by the creditor from the Trustee will apply to reduce the debt, but the lien will not be avoided.

      (c)     Upon the earlier of (i) the payment of the underlying debt in full, or (ii) the entry of a discharge under section 1328, the lien of the creditor shall be avoided, without further order.

10.     If any claim (secured/priority/unsecured) is filed after entry of this Order, the Debtor (through counsel, if any) must timely file an appropriate motion to modify the confirmed Plan and any objection to claims or motions to value claims.

11.     If the bar date to file proofs of claim has not yet expired:

      (a)     The Debtor shall have thirty (30) days following the expiration of any bar date to object to any claim filed after entry of this Order.

      (b)     The Debtor shall have thirty (30) days following the filing of an untimely claim to file an objection.

      (c)     Failure to timely object to a claim shall result in the allowance of the claim, and the Trustee shall include payments to these creditors pro rata in addition to those creditors currently listed on attached Exhibit "A."

      (d)     The Trustee shall review the claims register after all bar dates have passed and may file a motion to dismiss if the Debtor fails to timely take appropriate action to address all filed claims.

12.     The Trustee shall hold all funds payable to general unsecured creditors for at least thirty (30) days after the bar date for filing claims has passed, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

13.     The Debtor is responsible for paying all post-petition ongoing homeowners' assessments, homeowners' dues, and/or property taxes that are related to real property being retained by the Debtor under the Plan. The automatic stay shall not apply to these post-petition claims.

14.     The Debtor is responsible for paying any domestic support obligation that first becomes payable after the petition date.

15.     Variations in distributions between the Plan and this Order shall be governed by the provisions of this Order.

16. All objections to confirmation of the Plan were resolved at the confirmation hearing or are resolved by this Order.

17. Upon completion of all payments under the Plan, the Debtor shall promptly file a declaration under penalty of perjury or affidavit that (i) lists all domestic support obligations and whether such obligations are current or file a certificate stating that the debtor is not required to pay a domestic support obligation and (ii) states that section 522(q)(l) is not applicable and that no proceeding is pending in which the Debtor could be found guilty of an offense listed in section 522(q)(l) or liable for a debt of the kind listed in section 522(q)(1)(B).

18. The entry of a discharge shall be withheld until the Debtor complies with Paragraph 17 above and completes the required personal debtor financial management course. Prior to completing all payments under the Plan, the Debtor shall file with the Court a certificate that such course has been completed.

19. This case is not subject to the provisions of section 521(i)(l).

20. In addition to the periodic Plan payments, the Debtor shall also pay to the Chapter 13 Trustee a sum, to be determined by the Court, derived from any net proceeds which the Debtor may receive from the sale, refinance or any other transfer of the Debtor's non-homestead real estate, as disclosed to the Trustee at the meeting of creditors, in whatever form. The Debtor shall advise the Trustee as to the status of the non-homestead real estate on a semi-annual basis throughout the life of the Plan and shall promptly account for all proceeds received there from. The non-homestead real estate owned by the Debtor and any equity associated with the non-homestead real estate shall remain property of the bankruptcy estate, and the Debtor shall be required to seek court approval prior to any sale, refinance or transfer of any interest in the property by any means.

DONE and ORDERED in Tampa, Florida, this 4th day of September, 2014

K. RODNEY MAY
UNITED STATES BANKRUPTCY JUDGE

Trustee Terry E. Smith, is directed to serve a copy of this Order on interested parties and file a proof of service within three (3) days of entry of the Order.
TES/WCH/ra

## APPENDIX

### State Taxes

**Sales Taxes**.  Mail reports and payments to:

>State of Florida - Department of Revenue
>Office of General Counsel/Bankruptcy Section
>P.O. Box 6668
>Tallahassee, FL  32314-6668

### Federal Taxes

Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits.  Deposits are to be made by cashier's or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes.  If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).

Mail original returns (pre-petition), (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as the debtor's residence or place of operating business.

If any taxes are due on the pre-petition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy

| Jacksonville District | Ft. Lauderdale District |
|---|---|
| Internal Revenue Service | Internal Revenue Service |
| **Attn:  Insolvency, Stop 5720** | **Attn:  Insolvency, Stop 5730** |
| 400 W. Bay Street, Suite 35045 | P.O. Box 17167 |
| Jacksonville, FL  32202 | Ft. Lauderdale, FL  33318 |

**Mailing of original returns, (post-petition), (after confirmation) and/or payments for those specific returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.**

**Marguerite L. Dittman**
**Case No.: 8:14-bk-02530-KRM**

### EXHIBIT A

**CLAIM #**   Attorney Fees:

 N/A    Suncoast Legal Group, PLLC ($3,700.00)                                    $2,900.00      **Total**
        (To be paid at $300.00 per month for 5 months, then $250.00 per month)

        Secured Creditors Receiving **Monthly** Adequate Protection Payments:
____    _____                                            $_____ **Monthly**

        Secured Creditors Curing Arrearage **Total:**
____    _____                                            $_____ **Total**

        Secured Creditors Paying Secured Balance **Total:**
____    _____                                            $_____ **Est. Total**

   Other:

   Distribution to unsecured – (Amount)   $11,538.28  @ 3 %   **100%**  $12,439.67  **Total**

   Order of Distribution:

   1. Adequate protection over life of plan or until creditor is paid in full and allowed Attorney's Fees and Administrative Expenses
   2. Secured Balance plus interest over the life of the plan or as otherwise specified.
   3. Domestic Support Obligations under $500.00
   4. Small Secured creditors-Under $500.00 in balance.
   5. Arrearages and Domestic Support Obligations pro rata
   6. Other Priority Creditors and Pro-Rata Distribution to Unsecured Creditors

**Total Monthly Amount to be Paid to the Chapter 13 Trustee:**

   **Starting**    04/06/14     **$325.00**    for 5 Months
                   09/06/14     **$275.00**    for 55 Months

**Total Plan Length   60   Months**

**In addition to the periodic Plan payments, the Debtor shall also pay to the Chapter 13 Trustee a sum, to be determined by the Court, derived from any net proceeds which the Debtor may receive from the sale, refinance or any other transfer of the Debtor's non-homestead real estate, as disclosed to the Trustee at the meeting of creditors, in whatever form. The Debtor shall advise the Trustee as to the status of the non-homestead real estate on a semi-annual basis throughout the life of the Plan and shall promptly account for all proceeds received there from. The non-homestead real estate owned by the Debtor and any equity associated with the non-homestead real estate shall remain property of the bankruptcy estate, and the Debtor shall be required to seek court approval prior to any sale, refinance or transfer of any interest in the property by any means.**