IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

MARGUERITE L. DITTMAN,                          CASE NO.:  8:14-bk-02530-KRM
                                                CHAPTER 13

        Debtor.
_____/

MOTION FOR RELIEF FROM CO-DEBTOR AUTOMATIC STAY
(NON-FILING CO-DEBTOR PETER C. DITTMAN)

---

**NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING**

 **Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party-in-interest files a response within fourteen (14) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at U.S. Bankruptcy Court, Middle District of Florida, 801 North Florida Avenue, Suite 555, Tampa, FL 33602, and serve a copy on the movant's attorney, Evan S. Singer, Esq., Timothy D. Padgett, Esquire, Timothy D. Padgett, P.A., 6267 Old Water Oak Road, Suite 203, Tallahassee, FL 32312, and any other appropriate persons within the time allowed.**

 **If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested**.

---

        Comes now, Green Tree Servicing LLC, hereinafter referred to as "Movant", seeking modification of the automatic co-debtor stay in this case pursuant to **[ ] Section 1301 (c)(1) [X] Section 1301( c )(2) [X] Section 1301( c )(3), Bankruptcy Code**, in order to exercise any and all rights Movant may have in the collateral described below, and for cause would show the Court as follows:

        1.      On March 7, 2014, Debtor, Marquerite L. Ditterman, (hereinafter referred to as "Debtor"), filed for relief under Chapter 13 of the Bankruptcy Code.

2.      Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. 1334, 11 U.S.C. 1301 and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3.      Debtor, Marguerite Dittman, joined by non-filing Co-Debtor, Peter C. Dittman, executed a Mortgage and Note (hereinafter referred to as "Agreement") in the principal amount of $93,057.00, together with interest thereon as set forth therein. Movant is the holder of the Note.

4.      Funds were advanced in connection with the aforementioned Agreement as purchase money for the following real property:

**REAL PROPERTY AT 325 SANDY RIVER RD., FAYETTE, ME  04349, AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

A PARCEL OF LAND LOCATED IN THE TOWN OF FAYETTE, COUNTY OF KENNEBEC, STATE OF MAINE WITH A STREET LOCATION ADDRESS OF 325 SANDY RIVER ROAD, KENTS HILL, ME, 04349 CURRENTLY OWNED BY PETER C. DITTMANN AND MARGUERITE L. DITTMANN AND MORE FULLY DESCRIBED IN THE VESTING DOCUMENT DATED N/A, RECORDED ON 11/20/01, IN LIBER 6703 PAGE 275 AND DESIGNATED AS METES AND BOUNDS PROPERTY.

5.      The terms of the aforementioned Agreement entitle Movant to possession of the collateral upon Default.  The Movant has declared the Debtor in Default.

6.      Movant now holds equitable title to the collateral as a result of the terms of the Agreement.

7.      Debtors have defaulted under the terms of the Agreement by failing to make the payments as required under the Agreement.  The Debtor has indicated in the Chapter 13 Plan that the collateral securing the Agreement will be surrendered to Citi Mortgage. The Chapter 13 Plan [D.E. 2] was confirmed on September 4, 2014. Movant is holder of the Note and Mortgage executed by the Debtor in this Chapter 13 case and is authorized to file this Motion.

8.      Movant asserts that sufficient cause exists to waive the requirement of Bankruptcy Rule 4001(a)(3), therefore allowing any order entered to be effective upon execution since the collateral is easily moved, easily secreted, and easily damaged within the ten day period that would otherwise stay recovery

of the collateral. In addition, Movant prays that the Court suspend the Rule in all instances in which there is a consent on the part of the Debtor.

9.      Movant seeks relief from the co-debtor stay imposed by the relevant subsection(s) of Section 1301 of the Bankruptcy Code, as checked below, as against the following Co-Debtor: Peter C. Dittman.

The relevant subsection(s) of Section 1301 under which Movant seeks relief is as follows:

[ ]     Section 1301 ( c ) (1), given the fact that as between the Debtor and the Co-Debtor, the Co-Debtor received the consideration for the claim held by Movant.

[ X ]   Section 1301 ( c ) (2), given the fact that the plan filed by the Debtor proposes NOT to pay the claim of Movant.

[X ]    Section 1301 ( c ) (3), given the fact that the Movant's interest would be irreparably harmed by continuation of the stay.

WHEREFORE, PREMISES CONSIDERED, Movant prays that Co-Debtor be cited to appear herein; that upon final hearing hereof, this Court enter an order modifying the automatic stay under 11 U.S.C. 1301, to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein and to gain possession of said collateral and that Movant have such other and further relief as is just.

Dated this 27th day of March, 2015.

Respectfully submitted,

S/ Evan S. Singer

_____
Evan S. Singer
Fla. Bar ID: 101406
Timothy D. Padgett, P.A.
6267 Old Water Oak Road
Suite 203
Tallahassee, Florida 32312
(850) 422-2520 (telephone)
(850) 422-2567 (fax)
ess@padgettlaw.net

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this 27th day of March, 2015, a true and correct copy of the foregoing was served by U.S. Mail, First Class, and/or electronic transmission to:

Debtor
Marguerite L. Dittman
12630 Bramfield Dr.
Riverview, FL 33579

Co-Debtor
Peter C. Dittman
325 Sandy River Rd.
Fayette, ME  34349

Attorney for Debtor
Christopher F. Ikerd
Suncoast Law Group, PLLC
3000 Gulf to Bay Blvd., Suite 306
Clearwater, FL 33759

Trustee
Kelly Remick
Chapter 13 Standing Trustee
Post Office Box 6099
Sun City, FL 33571

U.S. Trustee
United States Trustee – TPA7/13, 7
Timberlake Annex, Suite 1200
501 East Polk Street
Tampa, FL 33602

                                      /S/ Evan S. Singer

                                    _____

                                    Evan S. Singer

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

MARGUERITE L. DITTMAN,                          CASE NO.:  8:14-bk-02530-KRM
                                                CHAPTER 13

       Debtor.

_____/

### AFFIDAVIT AS TO SURRENDERED PROPERTY

STATE OF FLORIDA
COUNTY OF LEON

BEFORE ME, this day personally appeared Evan S. Singer ("Affiant"), who upon oath, deposes

on personal knowledge and says:

1.    I am an attorney for Timothy D. Padgett, PA, the law firm that filed the Motion for

Relief from Co-Debtor Automatic Stay on behalf of Green Tree Servicing LLC (the

"Movant").

2.    This Affidavit is filed in support of the Motion for Relief from Co-Debtor

Automatic Stay. Movant is the holder of the Note and Mortgage executed by the

Debtor in this Chapter 13 case and is authorized to file a Motion for Relief from

Co-Debtor Automatic Stay.

3.    The Affiant has reviewed the Chapter 13 Plan filed in this case. According to the

proposed plan, the Debtor has agreed to surrender, to Citi Mortgage, the collateral

that secures the Movant's Note and Mortgage, to wit, real property located at:  **325**

**SANDY RIVER RD., FAYETTE, ME  04349**, further described as:

A PARCEL OF LAND LOCATED IN THE TOWN OF FAYETTE, COUNTY OF KENNEBEC, STATE OF MAINE WITH A STREET LOCATION ADDRESS OF 325 SANDY RIVER ROAD, KENTS HILL, ME, 04349 CURRENTLY OWNED BY PETER C. DITTMANN AND MARGUERITE L. DITTMANN AND MORE FULLY DESCRIBED IN THE VESTING DOCUMENT DATED N/A, RECORDED ON 11/20/01, IN LIBER 6703 PAGE 275 AND DESIGNATED AS METES AND BOUNDS PROPERTY.

4.    Green Tree Servicing LLC, Movant, filed Proof of Claim #8 and Motion to Allow Late Claim.  Although the court denied the late claim, it was determined that Movant has *in rem* relief.

5.    The Order Confirming Plan was entered on September 4, 2014 and states in part:

*The automatic stay was terminated in rem upon the filing of the Plan as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor, (b) for the Debtor to make payments directly to the secured creditor or lessor, or (c) the Plan did not provide for payments.*

FURTHER AFFIANT SAYETH NOT.

_____
Evan S. Singer

THE FOREGOING INSTRUMENT WAS SWORN TO AND SUBSCRIBED before me this 27th day of March, 2015, by Evan S. Singer who is personally known to me and who did take an oath.

_____
NOTARY PUBLIC

My Commission Expires:



PAUL HARRIS
MY COMMISSION # FF 128243
EXPIRES: October 1, 2018
Bonded Thru Notary Public Underwriters